IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 cr 10-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | |
| ) | **ORDER** |
| ) | |
| YAIR GUZMAN-ORTEGA. ) | |
| ) | |

**THIS MATTER** came before the undersigned pursuant to a Motion to Withdraw as Attorney of Record (#66) filed by Defendant's attorney, Frank A. Abrams. In the motion, Mr. Abrams requests permission to withdraw as counsel for Defendant and states in the motion, "a conflict has arisen between defense counsel and his client" and "said conflict is of a nature whereby counsel must move to withdraw." At the call of this matter on for hearing it appeared that the Defendant was present with his attorney, Mr. Abrams, and the Government was present and represented through Assistant United States Attorney, David Thorneloe. The undersigned presented the issue of whether or not, in hearing the motion, confidential communications between the Defendant and his counsel could be disclosed. Counsel for the Defendant advised that such a situation could be presented during the hearing of the motion. After consultation in open court with Assistant United States Attorney David Thorneloe, the undersigned sealed the

1

proceedings and excluded Mr. Thorneloe from the proceedings. From the statements of Mr. Abrams and the Defendant made in the sealed proceedings, and the arguments of Mr. Abrams and the arguments of Mr. Thorneloe made thereafter in open court, the Court makes the following findings.

**Findings.** In the sealed proceeding, the undersigned made an inquiry as to the reasons why Mr. Abrams had filed the motion to withdraw and whether or not there is such a conflict between the Defendant and Mr. Abrams that is so great it is resulting in a total lack of communication preventing an adequate defense. The sealed proceedings shall show the inquiry and the information provided to the Court and that information will not be disclosed in this Order. It does appear that Mr. Abrams has filed his motion pursuant to Rule 3.3 and Rule 1.16(b) of the Rules of Professional Conduct of the North Carolina State Bar.

Upon inquiry, the undersigned has found that the Defendant has entered a plea of guilty in this matter before this Court and that the Presentence Report has not yet been prepared. It appears that Mr. Abrams filed his Motion to Withdraw in a timely fashion.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. <u>US v. Allen</u>, 789 F.2d 90, 92 (1st Cir. 1986). The determination of

whether or not a motion to withdraw should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why Mr. Abrams has filed his Motion to Withdraw; and (3) whether or not there is such a conflict between the Defendant and Mr. Abrams that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The undersigned finds that the motion filed by Mr. Abrams is timely. Mr. Abrams filed his motion shortly after discovering a conflict between himself and the Defendant. This factor must be weighed in favor of granting the motion.

The undersigned made an inquiry as to the reasons for the conflict between the Defendant and Mr. Abrams. That inquiry shall appear in the records of the sealed proceeding. From the information provided to the undersigned in the sealed proceeding, it appears the information does show a conflict as set forth under Rule 3.3 of the Rules of Professional Conduct of the North Carolina State bar. As a result the undersigned will weigh this factor in favor of granting Mr. Abrams' motion.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Mr. Abrams and the Defendant that is a total lack of communication between them preventing an adequate defense. After considering this matter, the undersigned has determined that such a conflict does exist.

After considering all of the above factors, it appears that Mr. Abrams motion is timely and as a result of the inquiry made by the undersigned, it appears there is sufficient reason to allow Mr. Abrams' motion and to appoint another attorney to represent Defendant. After weighing all of the factors, the Court has determined that their weight would be in favor of granting the motion of Mr. Abrams and allow him to withdraw and order the appointment of substitute counsel in this matter.

Based upon the foregoing, the undersigned has determined to enter an order allowing the motion to withdraw.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw as Attorney of Record (#66) of Frank A. Abrams is hereby **ALLOWED.** It is also **ORDERED** that the Federal Defender's of North Carolina shall forthwith appoint substitute counsel to represent the Defendant. Mr. Abrams is **ORDERED** to

provide to substitute counsel, as expeditiously as possible, all discovery, photographs and any other materials he has in his possession which would benefit the defense of Defendant.

Signed: August 8, 2014

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge