# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:14-cr-00010-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| YAIR GUZMAN-ORTEGA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion to compel discovery [Doc. 148].

On March 31, 2015, the Defendant was found guilty of one count of conspiracy to possess with intent to distribute methamphetamine and marijuana and was sentenced to a term of 168 months' imprisonment. [Doc. 116]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on April 15, 2016. [Doc. 145]. The Fourth Circuit's mandate issued on May 9, 2016. [Doc. 146]. On July 5, 2019, the Defendant filed the present motion, requesting that the Court provide him with the discovery material regarding his case or, in the alternative, direct his former counsel to provide him with the discovery material. [Doc. 148].

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that the Court may authorize discovery in a habeas proceeding upon a showing of "good cause." No such cause has been demonstrated here, as there are currently no post-conviction motions pending. Accordingly, the Defendant's motion to compel discovery is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to compel discovery [Doc. 148], is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 5, 2019

Martin Reidinger
United States District Judge